## Wiley-Homer Lumber Company, Appellant, *v.* Eberly.

*Contracts—Sale—Rescission—Shipping directions.*

Where the parties to a contract of sale of a car load of lumber agree to a rescission of the contract after the car load has been delivered, and agree that the lumber is to be reloaded by the purchaser and shipped to a destination designated by the seller, and the purchaser is unable to secure a car from the railroad company because the seller fails after repeated requests to furnish shipping directions, and the lumber is burned in the purchaser's yard, the latter will not be responsible for the loss.

Argued March 13, 1911. Appeal, No. 17, March T., 1911, by plaintiff, from judgment of C. P. Cumberland Co., Sept. T., 1909, No. 266, on verdict for defendant in case of Wiley-Homer Lumber Company v. Ira S. Eberly, trading as L. F. Eberly's Son. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit for lumber sold and delivered. Before SADLER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1, 2) answers to the two points quoted in the opinion of the Superior Court.

*J. W. Wetzel,* of *Wetzel & Hambleton* for appellant.

*S. B. Sadler,* with him *George E. Lloyd,* for appellee.

OPINION BY BEAVER, J., April 17, 1911:

Defendant purchased from the plaintiff a car load of yellow pine No. 4 flooring. The court below held, properly as we think, that the sale was not made subject to inspection, and that it was, therefore, an executed contract. The parties, however, agreed upon a rescission of the contract, which the plaintiff claims was not carried out in good faith by the defendant. The terms of rescission were contained in several letters which explain themselves. The lumber was to be reloaded by the defendant, upon the payment of the freight paid by him. This freight was repaid by the plaintiff and it was, therefore, the duty of the defendant to reload the lumber and have the same shipped to the destination furnished by the plaintiff. Defendant, however, claims that it was impossible for him to secure a car upon which to ship the lumber without furnishing the destination, and inasmuch as the plaintiff failed, after repeated requests, to furnish shipping directions, he was unable to comply with the terms of the rescission. The lumber was burned in a fire which occurred in the defendant's yard and the question, therefore, was, Who shall bear the loss?

The complaint of the appellant rests, for the most part, upon the answer of the court to its second point which, with the answer, are as follows: "The undisputed testimony in this case is that the parties, on or about June 17 1909, agreed to rescind the contract on terms contained

in letters of June 17, 18, 19 and 21, between the parties. That in pursuance of the same the plaintiff complied, and the defendant did not comply—the contract to rescind was, therefore, avoided, and the parties stood on the original contract of sale. Answer: This would be true, unless the jury find that the failure to load and ship the lumber by Eberly was due solely to the neglect or refusal of the plaintiff to designate to Eberly the destination where it desired to have the lumber consigned, and that because of this he was unable to procure a car for that purpose, if he, Eberly, acted in good faith."

Did the defendant endeavor to secure a car for reloading the lumber for shipment to the plaintiff? Did he act in good faith in this regard? These were surely questions of fact for the jury, and, so far as we can find in the testimony, there is no allegation on the part of the plaintiff that it furnished the shipping directions desired by the defendant in his letters. This is the real, and in fact the only, question in the case.

The point states the undisputed testimony in regard to the rescission, but it does not state all the facts necessary to reach a conclusion in regard to it and, therefore, the qualification to the answer was, as we think, entirely proper.

For this reason the court could not affirm the plaintiff's fourth point "That, under all the evidence in the case, the verdict must be for the plaintiff in the sum of $271.52, with interest from June 17, 1909."

There is another assignment of error, charging the court with a misstatement of the facts in reference to the effort to secure a car for reloading and reshipping. The statement was made from memory and, while not in the exact words of the witness, is substantially correct, and does the appellant no harm.

The question is a very narrow one and was, we think, properly submitted to the jury.

The assignments of error are all overruled.

Judgment affirmed.